IN THE CIRCUIT COURT OF TENNESSEE FOR THE
TWENTY-FOURTH JUDICIAL DISTRICT AT CARROLL COUNTY

BRIAN CARRIVEAU and
CAROL CARRIVEAU,

    Plaintiffs,

v.   Case No. 19CV4

APPLE TRANSPORT, INC. and
BALKARAN SINGH,

    Defendants.

FILED
CASE #_____ 3:02 P.M.
JAN 30 2019
SARAH BRADBERRY
CARROLL CO. CIRCUIT COURT
BY Boyd

## COMPLAINT

Come now Plaintiffs, Brian Carriveau and Carol Carriveau and sue Defendants, Apple Transport, Inc. and Balkaran Singh, in tort for personal injuries sustained by Plaintiff Brian Carriveau in automobile collision occurring in Carroll County, Tennessee, on February 19, 2018. In support, Plaintiffs state as follows:

### FACTS

1. Plaintiff Brian Carriveau is an adult resident of Shelby County, Tennessee. He is the husband of Plaintiff Carol Carriveau.

2. Plaintiff Carol Carriveau is an adult resident of Shelby County, Tennessee. She is the wife of Plaintiff Brian Carriveau.

3. Defendant Apple Transport Inc. is a corporation located in San Bernardino County, California and doing business in Tennessee.

4. Defendant Balkaran Singh is an adult resident of Orange County, California.



EXHIBIT A

5. On February 19, 2018, Plaintiff Brian Carriveau was cautiously driving a 2018 GMC Sierra westbound on U.S. Highway 70, approaching the intersection with Flat Bottom Road, in Carroll County, Tennessee. At that time, Plaintiff Carol Carriveau was riding as a passenger in the vehicle.

6. At or about the same time, Defendant Singh was driving a 2017 Freightliner truck, in the course and scope of his employment/agency for his employer and/or principal, Defendant Apple Transport, Inc. Defendant Singh was also driving westbound on U.S. Highway 70, approaching the intersection with Flat Bottom road, directly behind Plaintiffs' vehicle. At all relevant times, Defendant had a clear and unobstructed view of Plaintiffs' vehicle.

7. Suddenly, and without warning, Defendant Singh struck the rear of Plaintiffs' vehicle with the front end of his own vehicle, resulting in a collision.

8. The collision caused Plaintiff Brian Carriveau to sustain serious personal injuries.

9. Defendant Singh was issued a citation by for following too closely.

## II. CAUSES OF ACTION

### Count 1: Negligence Per Se in Tort

10. At the time and place of the aforementioned collision, the following statute of the State of Tennessee was in full force and effect:

(A) **Tenn. Code Ann. § 55-8-136. Drivers to exercise care.**
. . .
(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb or property. . . .

2

11. The above statute of the State of Tennessee applied to the facts of this case.

12. Defendant Singh, in the manner in which he operated the vehicle he was driving, violated this statute, and said violation constitutes negligence per se, which was the direct and proximate cause of the collision and injuries sustained by Plaintiff Brian Carriveau. Additionally, Defendant Apple Transport, Inc. is vicariously liable for the negligent acts of Defendant Singh.

### Count 2: Common Law Negligence in Tort

13. Under Tennessee law, Defendant Singh had a duty to Plaintiffs and all other motorists to operate his vehicle in a safe and cautious manner. Defendant Singh breached this duty, however, by failing to devote proper attention to driving his vehicle, failing to maintain proper control of his vehicle, failing to maintain a safe lookout, and failing to use due care under the circumstances then and there existing. Additionally, Defendant Apple Transport, Inc. is vicariously liable for the negligent acts of Defendant Singh.

14. As a direct and proximate result of one or more of the various acts of negligence described above, Plaintiff Brian Carriveau has suffered the following harms, losses, and injuries:

   a. Bodily injuries requiring medical care and expenses, past, present and future;

   b. Mental and physical pain and suffering, past, present and future;

   c. Loss of enjoyment of life, past, present and future;

   d. Permanent physical impairment and/or disfigurement;

   e. Lost wages; and

   f. Other damages as permitted under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the accident; and post-judgment interest.

## Count 3: Common Law Loss of Consortium Claim of Plaintiff Carol Carriveau

15. Additionally, incorporating the foregoing paragraphs by reference, Plaintiff Carol Carriveau states a common law claim under Tennessee law against Defendants for loss of consortium. Specifically, Ms. Carriveau has sustained emotional distress and suffering caused by seeing her husband, Mr. Carriveau, suffer serious pain and discomfort due to the injuries that he received as a direct result of the negligent acts of Defendants. Therefore, as a direct and proximate result of the negligence of Defendants, Ms. Carriveau lost the services, companionship, consortium and society of Mr. Carriveau which she regularly enjoys as his wife. Thus, Defendants are liable for this loss of Ms. Carriveau.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this action be set for trial when the issues are joined and that a judgment be entered for them against Defendants in an amount not less than $75,000.00.

Respectfully submitted,

William B. Ryan – TN Bar #20269
Drew Davis - TN Bar #32059
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.3111
Email: william@donatilaw.com

Attorneys for Plaintiffs

4